THE MAYOR AND CITY COUNCIL OF NASHVILLE *v.*
LUCY A. LEE *et al.*

1. TAXES. *Lien of State.* Where land is sold for State, county and municipal taxes and the proceeds are insufficient to pay all, the State cannot as sovereign assert a prior right of satisfaction under the act of 1877, ch. 77, sec. 11. Counties and municipal corporations are governing agencies created by the State with powers to levy and collect taxes.

2. SAME. *Rights of purchaser of land sold for taxes.* If the proceeds of land sold for taxes are insufficient to pay all taxes due thereon the purchaser will take the land relieved of all unpaid taxes, the State, county and municipal corporations being parties to the suit seeking the sale.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville.    A.
G. MERRITT, Ch.

CHAMPION & HEAD and S. WATSON for the State.

DODD & LANIER for the county.

JOHN RUHM for the city.

COOKE, Sp. J., delivered the opinion of the court.

There is no error in the chancellor's decree in this case and it will be affirmed.

The only question raised by the record is as to the application of the proceeds of the sale of a lot in the city of Nashville. Upon this lot there were taxes due the city for each year since 1855, and to the State

.and county of Davidson for each year since 1865, amounting in the aggregate to more than double the value of the lot.    The bill in this case was filed by the Mayor and City Council to subject the lot to sale for the satisfaction of the taxes due the city.    Pending the proceedings the State and county were made parties by consent, in order to test the question as to the rights of priority to the proceeds of the lot.    The lot was sold by a decree of the court upon a credit, .and in bar of the equity of redemption, and brought the sum of $650, confessedly its full value, accounts having been taken as to the amount of the taxes due to each of the parties respectively, and for what years. The report of sale was confirmed, and the title decreed to the purchaser free from all. antecedent taxes, and from this portion of the decree there has been no appeal.    The chancellor also ¡decreed that the costs .and certain solicitors fees be paid out of the fund, and the correctness of this is not questioned.    But in ·discussing the appropriation of the net fund, he held that the taxes due the city from 1855 to 1864 inclusive, without interest or costs, should be first paid. Then the taxes due each of the parties for each succeeding year in full, until the year 1875, if the funds are not sooner exhausted.    But if not exhausted previously, he directed for the years 1875 and 1876, the State tax be first paid, then the county, then school, then corporation, then railroad taxes, and should any of the fund remain he decreed that all the taxes be equally paid ¡for each succeeding year until the fund was exhausted, and that all taxes remaining un-

paid after exhausting said fund be canceled. From this decree, so far as it directs the mode of distribution of the fund, the State and county have appealed, and assign for error, and insist that the entire amount of taxes due to both the State and county, were a prior lien, and should have been decreed to be paid in full before any portion of the fund was applied to the city or corporation taxes. We are unable, however, to assent to this proposition.

While it is true, as a general principle, the State as sovereign does assert a prior right of satisfaction of debts due to it over the citizen, yet counties and municipal corporations are governing agencies created by the State with powers to levy and collect taxes, and have the right to exercise all the powers and privileges granted them or conceded by the State.

By the act of the Legislature of 1813, ch. 98, sec. 3, carried into the Code, secs 554–5, " assessed taxes and the cost of reporting land for sale for taxes, shall be and remain a lien upon all lands and other real estate * * when they shall become due and payable according to law." And by section 555, "this lien shall extend to each and every part of all tracts or lots of land, and to every species of taxable property, notwithstanding any division or alienation thereof," etc. These sections confer and continue the lien of assessed taxes without restriction or qualifications, and apply to all taxes authorized to be assessed by law, including municipal as well as any other species of taxes: 11 Hum., 130; 3 Lea, 679; 10 Lea, 211; 7 Heis., 133.

And the lien for each year having attached became a prior lien to that of any subsequent year, and this is the principle upon which the chancellor's decree is based and is correct. But by the act of 1875, ch. 81, sec. 9, the Legislature changed the law in this respect, and provided that "until taxes upon any real estate are paid there shall be a lien for the same, first, to the State; second, to the county; third, to the city, and fourth, to the railroad, enforceable as other liens." Thus recognizing the law previously to have existed as we have stated it.

This act remained in force until the 9th of March, 1877, when it was repealed by the act of 1877, ch. 77, sec. 11. The chancellor recognized this act and decreed the appropriation of the fund in accordance with its provisions, for the two years it was in force. After its repeal he directed the fund to be appropriated according to the law as it existed before its passage, which was also correct.

There was some exceptions taken to the provisions of the decree in allowing interest, costs, etc., but they have not been seriously insisted upon, and as they are perhaps rendered unimportant, by the view we have taken of the case, it is unnecessary to notice them further than to say they were correct, and in accordance with the ruling of this court in the case of *State* v. *Duncan*, 3 Lea, 679.

The owners of the land make no contest as to the validity of the taxes, or the sale and divestiture of title to the land. The State and county voluntarily become parties and contested their right to the fund

arising from the sale of the land, and are bound by the decree. The purchaser takes the lot discharged of all taxes up to the date of his purchase.

There is no error, therefore, in the decree of the chancellor, and it is affirmed with costs.

This also disposes of the question as to the distribution of the funds in this court in the case of Mayor and City Council, etc., against Cowan, and they will be distributed in accordance with the principles settled by the above opinion.