## Forshee *v.* Willis.

### (*Knoxville.* · November 2, 1898.)

1. General Assignment. *Description of property.*

   An assignment for creditors, under Act of 1881, must contain such a description of the assigned property as will enable the assignee to take possession, and, if he has possession delivered, it must be so definite as to description and location that the creditors, as well as the assignee, may know when it has all been taken charge of. (*Post, pp. 452, 453.*)

   Case cited: Scheibler *v.* Mundinger, 86 Tenn., 674.

2. Same. *Same.*

   The necessity of describing, locating, and identifying property in an assignment for creditors, under Act of 1881, is not obviated by a statement that the property is or has been delivered to the assignee. (*Post, pp. 452, 453.*)

---

FROM JEFFERSON.

---

Appeal from Chancery Court of Jefferson County. John P. Smith, Ch.

Park, King & Park for Forshee.

C. T. Rankin for Willis.

Wilkes, J. The controlling question in this cause is the validity or invalidity of a general assignment

under the Act of 1881, as against an attaching creditor. The Court of Chancery Appeals reversed the Chancellor, and held the assignment invalid and void, and that complainant is entitled to satisfaction of her debt out of the property conveyed. The Court of Chancery Appeals held that there was nothing, either in the conveyance or schedule, that in any manner indicated where the greater part of the property was to be found, nor that gives any means or mode of identifying it. The conveyance describes the property as: "All the grantor's stock in and at the Forshee tannery, in the town of Mossy Creek, and property elsewhere, together with all his notes ·and accounts of every description whatever, and hereby delivers the same to the Master, whereof a full and complete inventory or schedule is hereto annexed, marked ' A,' and made part hereof. The said schedule contains all the property of every kind and description owned by me (the grantor), and I hereby deliver the same into the possession of the Master." Schedule " A " describes the property thus: " My entire stock or lot of goods or property, consisting of about 125 cuds of tanbark, about 50 bushels of corn, a one-horse wagon and horse, 2 plows, 3 head of hogs, about 25 gallons of oil, about 200 pounds òf tallow, about 150 bushels of lime; entire stock of hardware, consisting of buckles, reins, bits, tacks, 1 . saddle; entire stock of hides, about 40 or 50; one lot of horse collars, one lot of whips, one lot of halters." Schedule " B " is a

list of accounts, embracing some thirty-five in number, of which the following is a sample: "Mitchell, $2.10; W. M., $4.20; Tate, $1.15."

Now, from this conveyance and schedule, it might perhaps be inferred that some of the property specified in schedule "A" would be found at the tannery—that is, such as would · make up part of a tannery stock—though it is not so stated expressly. But that all the property was not there is apparent from the conveyance itself, which refers to the stock at the tannery, and adds, "and property elsewhere." Where the corn, wagon and horse, plows, and hogs are to be found is not stated nor indicated, nor is there any definite description, such as would serve to identify them, given to enable the assignee or others to locate them.

We think this objection is fatal to the assignment. There must be such a description as will enable the assignee to take possession, and, if he really has possession delivered, it must be so definite as to description and location as that creditors, as well as the assignee, may know when it has all been taken charge of. We think the case falls fairly under the rule in *Scheibler* v. *Mundinger*, 2 Pickle, 674. It cannot suffice to do away with a sufficient description, location, and identification, to say that the property is or has been delivered to the assignee. If this were so, then the schedule would not be at all necessary, but the debtor could simply say, "all his property, all of which he had delivered to the

assignee." Certainly this rule cannot be held good.

We are of opinion there is no error in the decree of the Court of Chancery Appeals, and it is affirmed.

We may add that schedule " B " is also wholly insufficient in its description of the accounts and persons owing them.

It is said the Court of Chancery Appeals, after holding the conveyance void, should have given the debtor such property as is exempt to mechanics. This exception and claim is made for the first time in this Court, and cannot be available now.