JASPER RYE *v.* DUPONT RAYON COMPANY.

*(Jackson,* April Term, 1931.)

Opinion filed July 18, 1931.

Richard Marshall and Thomas A. Shriver, for plaintiff in error.

Tyne, Peebles, Henry & Tyne, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

The original petition was filed under the Workmen's Compensation Act, chapter 123, Acts of 1919. When called for hearing in the circuit court, the petition was dismissed for failure to prosecute. Upon the refusal of the court to sustain petitioner's motion to set aside the order of dismissal, an appeal was prayed, granted and perfected, but subsequently dismissed.

A second petition similar to the first was then filed to recover upon the facts stated in the first petition. It contains a statement that the first petition was filed,. after notice given, or waived, as required by section 23 of the Compensation Act, within one year after the accident, and that the second action was commenced within a year after dismissal of the first.

The defendant pleaded *res adjudicata,* and the statute of limitations of one year prescribed by sections 24 and 31 of the Compensation Act. Petitioner moved to strike the plea for insufficiency. The motion, treated as a demurrer, was overruled, the plea sustained, and the second petition dismissed.

It was insisted by petitioner in the trial court, and is insisted here, that the order dismissing the first petition was not an adjudication of the rights of the parties, and that the statute of limitations prescribed by the Compensation Act and the statute, section 4446 of Shannon's Code, saving the bar of the statute in a second successive action commenced within a year from dismissal of the

first on grounds not concluding the right of action, should be construed together.

As intimated in *Nelson* v. *Hoss*, 2 Shann. Cas., 503, dismissal for failure to prosecute an action does not conclude the right to renew the suit within a year, as provided in section 4446 of Shannon's Code. And it was held in *Railway* v. *Minton*, 117 Tenn., 426, that dismissal of the first suit for failure to file a declaration did not conclude the right to renew the action within a year. See also *Madison* v. *New River Lumber Co.*, 3 Civ. App., 2, and *Nash* v. *Davis*, 3 Civ. App., 634. The reason for the rule embodied in section 4446, *supra*, is given in *Railroad* v. *Bolton*, 134 Tenn., 555.

No reasonable distinction can be drawn between dismissal for failure to prosecute or to file a declaration and dismissal for nonappearance. Neither method of disposal involves an adjudication of the case upon the merits and neither rests on grounds concluding the right of action.

By the common law the right of action for personal injuries died with the person. The statute, section 4025 of Shannon's Code, abrogated that rule, extended the right of action to the widow and next of kin, and prescribed a remedy for enforcement of the newly created right. While this statute, giving the new right and remedy did not include a statute of limitations, the antecedent statute of limitations of one year, section 4469 of Shannon's Code, was held applicable, as was section 4446, authorizing a renewal of the action after dismissal of the first on grounds not concluding the right. This is in accord with the rule that statutes of limitation extend to newly created remedies of similar character.

By chapter 123, Acts of 1919, the old law of master and servant was cut away as a social and economic ob-

solescence, and new rights, remedies and obligations substituted for the compensation of workmen injured or killed by industrial accidents. The right of action thus substituted was not strictly an action in tort or contract, and to avoid doubt as to the application of existing statutes of limitations the legislature incorporated one in the Act. In compensation cases, as in personal injury cases, the elements determinative of the inchoate right of the claimants are fixed as of the date of the injury, and recovery in each is dependent upon pursuit of the remedy within the time and in the manner provided by the controlling statute. In both instances the right may be defeated by defense of the statute of limitations, without action commenced within one year after the right accrued.

■ In our cases of *Oman* v. *Delius,* 162 Tenn., 192; *Railway* v. *Grigsby,* 155 Tenn., 285, and *Crane Enamelware Co.* v. *Dotson,* 152 Tenn., 411, sections 24 and 31 of the Compensation Act are treated as a statute of limitations affecting the remedy and not as a statute of proscription.

In *Hartford Acc. & Indem. Co.* v. *Hay,* 159 Tenn., 202, it was held that the insurance company waived the statute of limitations provided in the Compensation Act and was estopped from pleading it.

■ No reason could be given for not applying the rule prescribed by section 4446, Shannon's Code, to compensation cases as well as personal injury cases. Assuming that commencement of the action within the period fixed by sections 24 and 31 of the Compensation Act was intended as an indispensable condition to liability of the employer under the Compensation Act, the condition was met and the right of the employee saved by notice, or its equivalent waiver, and by petition filed within the

period required, and upon its dismissal for inconclusive grounds it could be renewed within one year under section 4446 of Shannon's Code.

In *Trull* v. *Railroad,* 151 N. C., 445, an action to recover for death by wrongful act, the court said while the statute limiting the right of action for death by wrongful act to one year is not a statute of limitation, but a condition affecting the cause of action itself . . . where the action was originally instituted within one year the requirement of the statute was met, and thereafter, upon dismissal on inconclusive grounds, the action could be renewed within one year under a statute similar to section 4446, *supra.*

By the same reasoning our courts held that under section 4446, Shannon's Code, actions for death by wrongful act under section 4025 could be renewed within a year after dismissal upon inconclusive grounds.

*Vaught* v. *Railroad,* 132 Tenn., 679, relied on by defendant, is not in point. In that case section 4446 of Shannon's Code was invoked to avoid the effect of the two years statute of limitations prescribed by the Federal Employer's Liability Act. The court held that the force and effect of the Federal statute could not be impaired or enlarged by a statute of the State.

The judgment of the trial court is reversed and the cause remanded for further proceedings.