STATE *ex rel.*, D. D. ROBERTSON, COMPLAINANT, APPELLANT, *v.* LIBERTY BANK & TRUST COMPANY, DEFENDANT, APPELLEE.

(*Nashville,* December Term, 1931.)

Opinion filed July 23, 1932.

SHRIVER, TRAVIS & SHRIVER, and JOSEPH HIGGINS, for complainant, appellant.

BASS, BERRY & SIMS, A. G. EWING, W. P. COOPER, TYREE FAIN, WALTER STOKES, L. D. SMITH, Attorney-General and NAT TIPTON, Assistant Attorney-General, for defendant, appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

Through their intervening petition, general creditors of the Liberty Bank challenge the claim of the State of Tennessee to priority in the disposition of assets under the rule applied in the cases of *Fidelity & Guaranty Co.* v. *Rainey,* 120 Tenn., 357; *Maryland Casualty Co.* v. *McConnell,* 148 Tenn., 663; *University of Tennessee* v. *Peoples Bank,* 157 Tenn., 87, and the subsequent unreported cases of *State* v. *Peoples Bank,* from Benton Equity, and *State* v. *Mossy Creek Bank,* affirmed upon *certiorari* from the Court of Appeals at Knoxville.

The chancellor dismissed the petition upon demurrer of the State and other parties having a beneficial interest in the enforcement of the State's prior claim. The petitioners filed the record for writ of error and insist that the decree of the chancellor should be reversed because (1) the above mentioned cases are unsound and should be overruled, and (2) the State can not enforce its right of priority since by the resolution of the board of directors all of the assets of the bank were assigned and passed from the custody and control of the insolvent corpora-

tion, and under the common law, through which the priority exists, the State having failed to exercise its right while the assets were in possession and control of the debtor, it cannot do so after the assets passed from the debtor to D. D. Robertson, trustee, under the resolution of the board of directors.

The resolution, which was but a declaration of insolvency by the directors of the bank, coupled with the invitation that the State Bank Examiner exercise the powers of his office to administer the assets of the bank under the State banking law, chapter 20, Acts of 1913, was not effective as either a general or special assignment. *Maryland Casualty Co.* v. *McConnell*, 148 Tenn., 663; *Forshee* v. *Willis*, 101 Tenn., 450; *Hill* v. *Alexander*, 16 Lea, 496. If so intended by the board of directors, it would have been in excess of their powers and contrary to the banking Act, which provides an exclusive mode for settling the business of insolvent banks. *Cartmell* v. *Commercial Bank*, 153 Ky., 798; *Assets Realization Co.* v. *Howard*, 127 N. Y. St., 801; *People* v. *Superior Court* (Calif.), 34 Pac., 493.

It is next urged that our cases declaring the preferential right of the State under the common law doctrine of the prerogative of the sovereign rest upon an unsound principle and an impolitic policy and should be overruled, especially since *Fidelity & Guaranty Co.* v. *Rainey* purports to follow a North Carolina case, since repudiated by the North Carolina Supreme Court in *North Carolina Corp. Com.* v. *Citizens Bank & T. Co.*, 193 N. C., 513, 51 A. L. R., 1350.

The doctrine applied in *Fidelity & Guaranty Co.* v. *Rainey* has been approved in many States. In *Shaw* v.

*United States Fidelity & Guaranty Co.*, 48 S. W. (2d), 974, the Texas case referred to by counsel for petitioner in support of another proposition, it was said:

"While there are a few decisions to the contrary, the overwhelming weight of judicial authority in other jurisdictions supports the proposition that the adoption by a State of the common law of England carries with it the sovereign prerogative entitling the State to priority in payment out of the effects of an insolvent debtor."

That the rule applied in our cases accords with the preponderance of judicial opinion may be seen by reference to *United States Fidelity & Guaranty Co.* v. *Bramwell* (Oregon), 32 A. L. R., 837; *Re Carnegie Trust Co.* (N. Y.), 46 L. R. A. (N. S.), 260, and 51 A. L. R., 1355.

This court adopted and has adhered to the majority rule for near a quarter of a century. It is the law of the State upon which substantive rights rest, especially the rights of sureties on depository bonds whose obligations were insured upon the faith of the rule. It is the law of this State, as well as the State's declared policy, which the legislature has refused to renounce and repeal.

▆ As said by the Supreme Court of Oregon in the case referred to, unless some provision can be found in a statute clearly evincing a legislative intent to abandon or waive the preferential right of the State, it is the duty of the court to preserve rather than defeat it. But it is insisted by appellants on authority of *Shaw* v. *United States Fidelity & Guaranty Co.*, 48 S. W. (2d), 974, that the State abandoned or waived its preferential right by the enactment of the State banking law and the statute regulating State depositories.

The Texas court held that the attitude of the legislature in requiring depository bonds in double the amount of the State funds deposited, or in requiring the deposit of securities of certain value, was inconsistent with the idea that such statutory requirement was intended as merely cumulative of the State's right of priority to payment over other depositors, and said the provision for the kind of security required was only consistent with the view that it was intended that the State should solely rely upon the security taken for its deposits as provided in the State depository law.

In *Maryland Casualty Co.* v. *Rainwater,* 51 A. L. R., 1532, the Arkansas Supreme Court held that the State waived its prerogative right to priority over the other depositors by the statutory requirement of a depository bond when it omitted a proviso to save the right of priority. To the same effect are *Surety Co.* v. *Morris* (Wyo.), 42 A. L. R., 1290, and *Surety Co.* v. *Pixton* (Utah), 24 A. L. R., 1487.

The effect of these decisions is to declare that the statutes regulating deposits of State. funds operate to repeal or abrogate the common law by implication. In our case of *Casualty Co.* v. *McConnell,* 148 Tenn., 663, it was said the right of the State to preference in the distribution of assets of an insolvent bank exists unless taken away by express statutory provision. In accord are the cases of *Aetna Acci. & L. Co.* v. *Miller* (Mont.), L. R. A., 1918C, 954; *United States Fidelity & Guaranty Co.* v. *Bramwell* (Oregon), 32 A. L. R., 829; *Woodyard* v. *Sayre* (W. Va.), 24 A. L. R., 1497; *Booth & Flinn* v. *Miller,* 237 Pa., 297.

Our statute, chapter 54, Acts of 1913, merely provides for the execution of a depository bond to assure the safe-keeping and paying over of State funds on deposit in banks. No provisions of our statutes suggest a legislative intent to waive the State's prerogative right, and the intent to do so can not be read into the State Banking Act or the State Depository Law. Nor can such intent be inferred from their provisions, none of which are antagonistic to the rule in existence.

It is next urged that petitioners should have been subrogated to the rights of the State. The right of subrogation which inures to those compelled to pay the debt of another could not be extended to petitioners, who are general creditors, to the exclusion of the sureties on the depository bond.

There are numerous other assignments of error which have been considered and which we find without merit.

Affirmed.