WHITTLE *et al. v.* HOLEMAN *et al.*

(*Nashville*, December Term, 1945.)

Opinion filed March 2, 1946.

Rehearing denied, May 4, 1946.

J. H. DOYLE, of Nashville, for complainant.

CLAUDE CALLICOTT, of Nashville, for appellant City of Nashville.

HORACE OSMENT, of Nashville, for appellee Davidson County.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought in the county court for partition in the statutorially authorized form, of a tract of land of relatively small value. Incidental to these proceedings the customary reference for taxes was had which showed tax liens aggregating $466.16, of which $157.27 was due the state and county and $308.87 the City of Nashville.

The land was sold for $200, which was conceded to be its value. The purchase money was paid in court and the sale confirmed. After deducting costs and other charges of administration, there remains $98.45, only, for distribution. This sum being sufficient to discharge a fraction only of the total tax liens, the court adjudged that the fund should be applied to satisfaction of the tax liens "in accordance with the priorities, namely, the State of Tennessee, County of Davidson, City of Nashville."

The city appealed and assigns errors, insisting that it was error (1) for the court to hold that taxes due the State of Tennessee were entitled to priority of payment over taxes due the City of Nashville, and that it was also error (2) for the Court to hold that taxes due Davidson County were entitled to priority of payment over taxes due the City of Nashville.

In support of the judgment awarding priority to the state, reliance is placed on (1) Code, Section 1591, which provides machinery for the collection of delinquent taxes;

and (2) Chapter 126, Acts of 1939, amended by Chapter 149, Acts of 1943, known as the Insolvent Property Tax Law, in both of which priorities are expressly declared in favor of the state and county. It is said that a policy has thus been declared of priority in favor of, first, the state and, second, the county whenever lands are sold on which there are unsatisfied liens for taxes in favor of the state and county, and that the instant proceeding is, in effect, a sale for taxes.

While it does not appear to us that this suit comes within the purview of either of these special statutes, conditions applicable to these particular procedures being lacking here, it is true that the recognition by the legislature in these comparatively recent enactments of a priority in favor of the state in the distribution of funds in court available for the payment of taxes, is consistent with the principle declared in late decisions of this court.

In the leading case of *United States Fidelity & Guaranty Co.* v. *Rainey,* 120 Tenn. 357, 113 S. W. 397, upon full consideration, it was held that, by virtue of its prerogative right as a sovereign, the state has priority in the recovery of tax and other revenue. In even more recent cases this principle has been approved and followed, and it is now the well-settled rule in this State. *Maryland Casualty Co.* v. *McConnell,* 148 Tenn. 656, 257 S. W. 410; *University of Tennessee* v. *People's Bank,* 157 Tenn. 87, 6 S. W. (2d) 328; *State ex rel.* v. *Liberty Bank & Trust Co.,* 165 Tenn. 40, 58 S. W. (2d) 150. In the last case cited, in response to a direct challenge of the holding in the Rainey case, additional authorities were reviewed and the holding reaffirmed in an opinion by Mr. Justice Cook.

The city relies on *Mayor, etc., of Nashville* v. *Lee,* 80 Tenn. 452. The facts of that case were somewhat similar

to those we have here. The fund realized from the sale of a city lot was insufficient to satisfy all tax liens, and this Court affirmed a judgment prorating the available fund without preference between the state, county and city, except that as to certain earlier years in which liens for taxes accrued in favor of the city only, such tax liens were held to have priority and the taxes due to the city for these years were ordered to be paid first.

The opinion in the *Lee Case* recognized that, "as a general principle, the State as sovereign does assert a prior right of satisfaction of debts due to it over the citizen," but the Court held that this priority did not apply against its "governing agencies," such as counties and municipalities, which had been "created by the State with powers to levy and collect taxes," etc.

However, this was many years before the decision of this Court in *United States Fidelity & Guaranty Co.* v. *Rainey, supra,* and in that case it was not only held, as before stated, that the state has priority, but it was also decided that this right of priority accorded the state as a sovereign does not extend to its counties and municipalities. While the contest in the *Rainey Case* was indirectly only between the state and the county (or municipality), the holding that the state has priority over counties and municipalities, as well as other claimants, is controlling in the instant case.

We have here a fund in court for distribution. Liens for taxes due the state, county and municipality aggregate an amount in excess of the fund on hand. The foregoing authorities plainly support so much of the decree of the trial court as awards priority to the state, and in so far as the holding in *Mayor, etc., of Nashville* v. *Lee, supra,* is in conflict therewith, it must be disapproved. However, as above indicated, the right of over

all priority accorded the state does not extend to the county, and the judgment must be modified in so far as it awards such priority and, as thus modified, affirmed.

The record in this case discloses, as appeared in *Nashville* v. *Lee,* that the city's claim was partly for unpaid taxes accruing in years prior to those for which the county had claims. Considering a like situation in *Nashville* v. *Lee,* the Court, as above noted, awarded priority to the city for such prior years in recognition of these liens as having first attached. While our holding of the sovereign priority of the state excepts the state from application of this order of priority, the question is left open as between the county and municipality whether or not the holding in *Nashville* v. *Lee* in this regard is to be followed. However, the issue is not now before us for decision, despite the record showing that a portion of the city's claim antedated in lien a portion of that of the county, for two reasons: In the first place, it does not appear how much of the total claim of $157.27 reported in favor of the "State and County" is held by the county, or that any balance of the $98.45 available for distribution will remain after satisfaction of the state's prior claim. And, second, the motion for a new trial did not present this question to the trial court, so that it cannot be raised on this appeal. We, therefore, dispose only of the question of the priority over all of the state.