STATE *v.* SMITH.

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

Bess Blake, of Nashville, for appellant.

Chase & Neel, of Johnson City, for respondent.

Mr. Justice Burnett delivered the opinion of the Court.

The sole question involved in this appeal is whether or not the claim of the State of Tennessee, Department of Public Welfare, is entitled to priority over the claims of general creditors of an estate when the State's claim is for reimbursement for old age assistance it has rendered the decedent prior to death.

The estate of the decedent was small, being less than the amount claimed by the State of Tennessee. There were only two claims filed in this estate, one being that

by the State here claimed and the other being by a person for care and attention rendered the decedent within 6 months prior to her death. Both claims were filed shortly after the notice to creditors was given and within the statutory time. The administrator in making the settlement with the County Court Clerk allowed both claims and prorated the amount of the estate between the two claimants. After this was done and notice of the allowance given to the appellant an exception was then entered by the appellant to the allowance as made. To this exception a plea in abatement and demurrer were entered by the other claimant and administrator. The County Judge in a memorandum opinion overruled the plea in abatement but held that the State of Tennessee was not entitled to priority in its claim. The result of this holding caused the present appeal.

The State of Tennessee, Department of Welfare, filed a duly itemized claim in this estate for old age assistance grants which had been paid by the State to the deceased. The claim was filed, "under and by virtue of Section 12, Chapter 49, Public Acts of 1937, as amended by Chapter 9, of the Public Acts of the Second Extraordinary Session of 1937, and Chapter 80 of the Public Acts of 1949."

The pertinent portion of the Act governing the claim herein is as follows:

"On the death of any recipient, the total amount of assistance paid under this Act shall be allowed as a claim against the estate of such person after funeral expenses not to exceed $100.00 have been paid and after the expense of administering the estate has been paid. No claim shall be enforced against any real estate of a recipient while it is occupied by the

surviving spouse, or dependent children." Sec. 12, Chapt. 49, of the Public Acts of 1937.

Chapter 9 of the Second Extraordinary Session of 1937 amended the above Act to make the quoted provision operative only in cases where the recipient had been guilty of fraud in representations to the State. Chapter 80 of the Public Acts of 1949 was an Act to repeal Chapter 9 of the Second Extraordinary Session of 1937. By this Act the Act as above quoted from, that is, Chapter 49, of the Public Acts of 1937, was thus restored to its original language. There is a subsequent Act affecting this, that is, Chapter 200, of the Public Acts of 1951, but that has no application here because the 1951 Act only raises the amount of the funeral expenses from $100 to $250. No funeral expenses are involved in the present litigation.

 At common law the claims of the State of Tennessee are entitled to priority over the claims of general creditors of a deceased. *State ex rel. Robertson* v. *Liberty Bank & Trust Co.,* 165 Tenn. 40, 52 S. W. (2d) 150; *Maryland Casualty Co.* v. *McConnell,* 148 Tenn. 656, 257 S. W. 410; *U. S. Fidelity & Guaranty Co.* v. *Rainey,* 120 Tenn. 357, 113 S. W. 397; 21 Am. Jur., Executors and Administrators, Sec. 399, page 609. We find nothing in the Act and particularly that portion of which is above quoted which evinces any intention of the Legislature to divest the State of any of its prerogatives, rights or remedies. It seems to us that the Act, and particularly that section of which is above quoted, it was clearly the idea of the Legislature to give the State a priority for such old age assistance as rendered a decedent "after funeral expenses not to exceed $100.00 have been paid and after the expense of administering the estate has

been paid." This language clearly indicates and says to us that the State shall have priority for its claims over and above everything else except the funeral expenses and the expense of administration. Clearly by the use of this language everything else is excluded except that specifically enumerated, to wit, funeral expenses and cost of administration. Statutes should not be construed, so as to divest the State or its government of any of its prerogatives, rights, or remedies, unless the intention of the Legislature to effect this object is clearly expressed. *State ex rel. Robertson* v. *Liberty Bank & Trust Co.,* supra. Instead of having an intention to divest the State of rights as we have above indicated the language of the Legislature here is that none of its rights shall be divested except funeral expenses and costs of administration.

█ █ The trial court took the position that any claim by the State as filed under the Act above quoted had been superseded by Chapter 175 of the Public Acts of 1939 as amended, Code Sections 8196.1-8196.11. This Act, Chapter 175, Public Acts of 1939, as amended, provides a system for the administration of estates. In Section 4 of the Act, Code Section 8196.4, a system of distribution of estates is set forth. This system of distribution though applies to estates in general and does not in any way abrogate or take away the right of the State to have a priority for monies due it. By so holding the trial court has in effect held that the enactment of Chapter 175 of the Public Acts of 1939, as amended, repealed Chapter 49 of the Public Acts of 1937, as amended. The Act of 1939 is a general law and it does not abrogate an earlier special law by implication and there is no express or direct repeal of the Act under

which the claim of the State is here filed. See *State ex rel v. Safley,* 172 Tenn. 385, 112 S. W. (2d) 831. It is a very familiar principle that repeals by implication are not favored and will not be presumed unless there is an irreconcilable conflict between the later laws and the earlier laws. *City of Knoxville* v. *Smith,* 176 Tenn. 73, 138 S. W. (2d) 422. There is no indication appearing in the Administration Act, Chapter 175 of the Public Acts of 1939, to indicate that this general law was supposed to and did repeal the special act in reference to the claim here filed by the State.

It cannot be doubted that when the State furnished aid to the indigent it was done by the State in its sovereign capacity, and not in any proprietary capacity. There is no element of business enterprise or profit involved. This allowance to the indigent is an expenditure out of public tax monies for a purpose declared to promote the welfare of the State.

We therefore conclude that the trial court was in error and that the claim of the State should be given priority over that of general creditors with the exception as stated in the statute of funeral expenses and costs of administration. The cause is therefore reversed and the costs of the cause will be taxed against the fund in the hands of the administrator.