STATE DEPARTMENT OF PUBLIC WELFARE

*v.*

JAKE A. O'BRIEN, Executor, ESTATE OF MARY EATHERLY

(*Nashville*, December Term, 1955)

Opinion filed July 20, 1956.

BESS BLAKE, Nashville, for Department of Public Welfare, appellant.

PRICE & PRICE and ALLAN M. O'BRIEN, Springfield, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The Tennessee Department of Public Welfare paid Mrs. Mary Eatherly a substantial sum of money under the authority of the "Old-Age Assistance Law", Section 14-201 et seq., T.C.A. In force at the time, and so continuing until after her death, was a provision, since repealed, to the effect that the amount so furnished "shall be allowed as a claim against the estate of" the recipient after allowance of expenses of administration and on the funeral up to a certain amount. Section 4765.29, 1950 Code Supplement.

The State filed with the County Court Clerk this claim against the estate of Mrs. Eatherly more than nine months after the executor's notice to creditors. The County Court disallowed it because the administration statute provided that "all claims and demands not filed with the county or probate court clerk * * * before the end of nine (9) months from the date of the notice to creditors, shall be forever barred". Section 30-513, T.C.A.

The sole question presented by the appeal of the State is whether this statute of limitations applies to it, the

sovereign, as insisted by the appellant. Attached to its brief is a copy of the unpublished opinion of the Western Division of the Court of Appeals in the case of *In re Estate of Lizzie Allen,* Deceased, etc., holding in accordance with the State's insistence. There was no petition for *certiorari.* It was the thought by the Court of Appeals that *Commerce Union Bank v. Gillespie,* 178 Tenn. 179, 191, 194-195, 156 S.W.2d 425, 431, required it to so hold.

■ *Commerce Union Bank v. Gillespie, supra,* held that the claim of the sovereign state for taxes and assessments was exempt from that provision of the statute barring claims against the estate of decedent which are not filed within the time limited by that statute, (nine months now) Section 30-513, T.C.A. One of the reasons given by the Court was that this exemption of the sovereign existed because of ''the general rule that the sovereign is not within the limitation [of a statute of limitation], unless expressly so provided''. This is the common law rule.

*State v. Smith,* 194 Tenn. 582, 585-587, 253 S.W.2d 758, 760, held that the claim of the State for moneys paid under the Old Age Assistance Law, as it then existed, was a claim owed to the State in its sovereign capacity, and that there was nothing in the Old Age Assistance Law ''which evinces any intention of the Legislature to divest the State of any of its prerogatives, rights or remedies''.

■ One of such rights is to have its claims exempt from statutes of limitations, except when it is expressly embraced within the limitations provided by the statute. Hence, under the aforestated ruling in *State v. Smith,* the claim of the sovereign against the decedent's estate

for moneys furnished such decedent under the Old Age Assistance Law is not barred by that provision of the administration of estates statute barring claims which were not filed within the time therein specified. Section 30-513, T.C.A.

Further, this Court is unable to find any distinction in quality between the claim owed the State for payments in its sovereign capacity from its taxes to aid indigent persons, and the claim of the State for taxes and assessments owed it. If, therefore, the provision in the administration of estate statute barring claims which have not been filed within the time provided by the statute does not apply to the claim of the sovereign for taxes owed it because of the rule stated in *Commerce Union Bank v. Gillespie, supra,* then, for the same reason, that statute does not bar the claim of the sovereign against the estate of the decedent for payments made such decedent under and by virtue of the Old Age Assistance Law.

The holding in (1) *Commerce Union Bank v. Gillespie, supra,* and (2) *State v. Smith, supra,* each rules the case at bar, and requires a holding that this claim of the State for moneys paid under the Old Age Assistance Law to decedent Eatherly is not barred because not filed within the period limited by the statute of limitations in question, it not appearing that settlement of the estate and disbursement of its funds had been made prior to the time the State did file its claim.

In reaching the conclusion stated, the Court has not referred to *State v. Crutcher's Adm'r,* 32 Tenn. 504, upon which the Executor principally relies. That case must be regarded as overruled by *Commerce Union*

*Bank v. Gillespie, supra,* in so far as the two decisions are in conflict.

Reversed and remanded. The costs of appeal will be adjudged against the Executor to be paid out of the funds of the estate. He will be allowed credit for such payment in settling the State's claim, this suit having been made necessary by reason of the State's failure to file its claim within the statutory period.