O. B. WOODS, Appellant,

v.

Ruby PALMER, Administratrix, Appellee.

Supreme Court of Tennessee.

Feb. 5, 1973.

Rehearing Denied June 29, 1973.

J. Richard Cox, Memphis, for appellant; J. Martin Regan, Memphis, of counsel.

Mary Guidi, Memphis, for appellee.

## OPINION

HUMPHREYS, Justice.

O. B. Woods filed a claim against a decedent's estate pursuant to § 30–510 T.C.A.

The claim was contested by the administratrix, but, before there could be a hearing on the merits of the claim, it was dismissed for failure to prosecute. A petition to set aside the dismissal on the ground the failure to prosecute was caused by the illness of counsel was dismissed and Woods appealed. This appeal was not perfected. Within one year of the order of dismissal, Woods filed his claim again relying on § 28–106 T.C.A. On the administratrix's plea of the statute of limitations of nine months (§ 30–513 T.C.A.) and a plea of res adjudicata, the claim was again dismissed. Woods appealed from this judgment to the Court of Appeals, which court properly transferred it to this Court.

So, the issue is, whether or not § 28–106 T.C.A. applies as Woods contends. We have concluded, on authority of Rye v. DuPont Rayon Co., 163 Tenn. 95, 40 S.W. 2d 1041, that this statute authorizes the reinstitution of the claim against a decedent's estate, and that the order dismissing the claim on the pleas of res adjudicata and the statute of limitation was erroneous.

No case in point has been cited by either side. Nor, has one been found. But *Rye* is so nearly on all-fours as to control in this case.

Before entering into a discussion of the holding in *Rye* certain principles of law should be mentioned. Section 28–106 T.C.A.[1] is remedial and should be liberally construed in furtherance of its purpose, and in order to bring cases within its spirit and fair intention. Nashville C. & St. L. R. Co. v. Bolton (1915), 134 Tenn. 447, 184 S.W. 9.

The filing of a claim against an estate amounts to a demand for payment and is equivalent to the commencement of an

---

1. "28–106. *New action after adverse decision not foreclosing merits.*—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, . . . . from time to time, commence a new action within one (1) year after the reversal or arrest."

action. Wilson v. Hafley, 189 Tenn. 598, 608, 226 S.W.2d 308.

The filing of the claim within the time and in the manner prescribed by the statute operates to arrest any statute of limitation applicable thereto. § 30–512 T.C.A.

The nine months period for filing claims is referred to in Tennessee Code Annotated as a statute of limitations. § 30–512 T.C.A. Phillips Pritchard Law of Wills and Administration of Estates refers to the nine months period for filing of claims as a statute of limitations. § 743(6). Section 30–513 T.C.A., which provides for the limitation on the time for filing claims was amended, Acts of 1971, Chapter 229, Sec. 3, so as to decrease the time for filing claims from nine months to six months, but the language of the statute remains that of a statute of limitation; providing, that claims not filed within six months from the date of notice to creditors "shall be forever barred." Finally, in State v. O'Brien, 200 Tenn. 475, 292 S.W. 2d 733, this Court held that § 30–513 T.C. A., as a statute of limitation, did not apply to the sovereign, the State of Tennessee, following prior holdings of this Court to that same effect in State v. Smith, 194 Tenn. 582, 253 S.W.2d 758, and Commerce Union Bank v. Gillespie, 178 Tenn. 179, 156 S.W.2d 425.

From all of this we must conclude that §§ 30–510 and 30–513 provide only a statute of limitation affecting only the remedy, and are not statutes of proscription.

Then, since a contested claim against an estate is a suit, and the time within which this suit must be brought is one of limitation and not of proscription, there is no legal basis on which this Court can refuse to apply § 28–106. The case comes within the language and intent of the section and so it applies.

This was the holding of court in Rye v. DuPont, supra. In that case a suit was filed under the Workmen's Compensation Act. When called for hearing in the circuit court, the petition was dismissed for failure to prosecute. Upon the Court's refusal to sustain petitioner's motion to set aside the order of dismissal, an appeal was prayed, granted and perfected, but subsequently dismissed. A second petition similar to the first was then filed. The trial judge sustained a plea of res adjudicata and a statute of limitation of one year prescribed by the Compensation Act, and dismissed the second petition. We held in that case that dismissal for failure to prosecute an action does not conclude the right to renew the suit within a year as provided by § 28–106, even though it was recognized that an action Workmen's Compensation benefits is sui generis and is controlled by its own period of limitation. This Court said, "Assuming that commencement of action within the period fixed by §§ 24 and 31 of the Compensation Act was intended as an indispensable condition to liability of the employer under the Compensation, the condition was met and the right of the employee saved by notice or its equivalent waiver and by petition filed within the time period, and upon its dismissal for inconclusive grounds it could be renewed within one year under § 4446 of Shannon's Code (§ 28–106 T.C.A.)

To fortify its conclusion in Rye, this Court cited Trull v. Railroad, 151 N.C. 445, 66 S.E. 586 with seeming approval. That case holds that while the statute limiting the right of action for death by wrongful act to one year is not a statute of limitation, but a condition affecting the cause of action itself that, where the action was originally instituted within one year, the requirement of the statute was met, and thereafter, upon dismissal on inconclusive grounds, the action could be renewed within one year under a statute similar to our § 28–106. And, although our wrongful death statute § 20–607 T.C.A. provides a cause of action where none existed before it, and is sui generis, we held in Whitson v. Tenn. Central R. Co., 163 Tenn. 35, 40 S.W.2d 396 (1931), that § 28–106 was applicable to such a case.

So, while, because of the volume of judicial business today, there may be justifiable impatience with a failure to prosecute, the statute authorizing the reinstitution of a suit where the first suit has been terminated on inconclusive grounds cannot be ignored. The judgment of the Probate Court is set aside and the case is remanded for hearing.

DYER, C. J., CHATTIN and McCANLESS, JJ., and WILSON, Special Judge, concur.

OPINION ON PETITION TO REHEAR

Petition to rehear has been filed making the same contention which we have already considered, that § 30–513 T.C.A. is a statute of proscription and not a statute of limitation. The contention is also made that the proceedings in the Probate Court were such as to preclude appellant Woods from reliance on § 28–106 T.C.A.

With respect to the first proposition, it is sufficient to say that serious consideration was given to this question, and the conclusion was judiciously reached by the entire Court that § 30–513 T.C.A. consistent with all of the authority, is a statute of limitation and not a statute of proscription. We find nothing in the petition to rehear that persuades us to depart from that holding.

As to the second proposition, that the proceeding in the Probate Court was at least sufficiently on the merits to bar appellant Woods from the benefit of § 28–106 authorizing a new action after an adverse decision not foreclosing the merits, we must deny a rehearing on this ground, because it depends entirely upon a transcript of the proceedings in the Probate Court which is not authenticated by the trial judge. This authenticated by the trial judge. This authentication is indispensable to the use of this transcript for any purpose.

The petition to rehear is respectfully denied.