CITY OF KNOXVILLE *v.* SMITH.

(*Knoxville*, September Term, 1939.)

Opinion filed April 6, 1940.

HARTMAN, LOCKWOOD & CARSON, of Knoxville, for plaintiff in error.

JOE C. THOMASON, of Knoxville, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Smith instituted this suit against the City of Knoxville to recover $237, alleged balance of salary due him. The trial court entered judgment for that sum and, upon

appeal, the Court of Appeals affirmed the judgment of the trial court.

Smith was employed by the City of Knoxville as Building Inspector on April 27, 1936, and served continuously in that capacity until May 2, 1938, at a monthly salary of $240. Upon the latter date he was transferred to the Engineering Department where he served as a draftsman, his salary being fixed at $150, which he accepted under protest, notifying the city that in conformity with the Civil Service provisions of the city charter he would insist on being paid his full salary of $240 per month. Smith severed his connection with the city on July 21, 1938, and by this suit seeks a judgment for the difference in salary, which it is conceded is $237 if he is entitled to a judgment for any sum.

Smith was placed under Civil Service by Chapter 281, Private Acts of 1937, the pertinent provision of which is found in Section 1, and is as follows:

"All employees filling position made subject to Civil Service by this Act shall be entitled to all of the benefits and protection of other Civil Service Employees of Knoxville, except as hereinafter provided, and shall be subject to all rules, regulations, ordinances, and/or provisions of the Charter of the City of Knoxville with reference thereto.

"No person holding any of the positions made subject to Civil Service by this Act shall be deemed to hold any particular office or employment under Civil Service, but only employment within a department, and may be changed from one position to another in the same department, or from one department to another department, at the discretion of the Director in charge, with the approval of the City Manager."

It is contended on behalf of the city that under the foregoing authority it had a right to transfer Smith to another department and reduce his salary in proportion to the service rendered. It will be observed that while the Act authorizes a change from one department to another, it does not provide in that instance for a reduction of salary; but, on the other hand, it confers upon those whom it places under Civil Service "all of the benefits and protection of other Civil Service Employees of Knoxville."

One of the protections referred to is that found in Section 1, Chapter 293, Private Acts of 1935, which is as follows:

"No Director or other official of the City of Knoxville shall have any right to change any employee under Civil Service from one position or class to another position or class within a department or otherwise at a reduced salary, unless charges as specified under Section 75 of Chapter 93 of the Private Acts of the General Assembly of the State of Tennessee for the year 1925, of said Charter shall have first been preferred and sustained against such employee."

This direction is plain and unambiguous, and while it authorizes a transfer, it expressly prohibits a reducton in salary in case such a change is made, unless charges are preferred against such employee and sustained. In the instant case no charges were preferred.

Counsel for the city contend that the involved provision in the Act of 1937 repealed that of 1935 by implication. To this we are unable to agree. Repeals by implication are not favored; a legislative intention to repeal is never presumed, and nothing short of an irreconcilable conflict between two statutes works such a

repeal. See cases listed in Michie's Digest of Tennessee Reports, 1938 Ed., Vol. 14, p. 263.

We are satisfied that no such repeal was intended by the Legislature because the very spirit of Civil Service opposes such a substantial change in the status of one coming within its provisions. By such a procedure the city could force a Civil Service employee to surrender his position, which would be equivalent to discharging him without preferring and sustaining charges against him.

The general purpose of Civil Service Laws is stated in 10 Am. Jur., Civil Service, pp. 921, 922, as follows:

"The unlimited authority of the Chief Executive in public office to appoint and remove all subordinate officials, which prevailed throughout this country during the first century of its existence, resulted in the general adoption of the 'spoils system,' under which public office was made to be the reward for political work, with the resulting evils of inefficiency, extravagance, the interruption of public business by place hunters, corruption of the electoral franchise, and political assessments.

"The civil service laws are designed to eradicate the system of making appointments primarily from political consideration with its attendant evils of inefficiency and extravagance, and in its place to establish a merit system of fitness and efficiency as the basis of appointments to the civil service."

With respect to increase or reduction of salary, the controlling principles are thus stated in 43 C. J., 906, 907:

"An increase of salary which is such as to constitute a promotion under the civil service laws is not effective unless the requirements applicable in the case of an ap-

pointment by way of promotion are complied with; but the rule is not applicable where an employment in a lower grade was only temporary. On an analogous theory, a reduction in compensation which is such as to constitute a removal under the civil service laws is not effective, unless the procedure required by the civil service laws as a condition precedent to a valid removal is taken; but the contrary has been held in the case of a general reduction of salaries made in good faith and without intent to discriminate against any single employee.''

The facts of this case are almost identical with those in *State* v. *Board of Com'rs*, 161 La., 361, 367, 108 So., 770, 773, where under civil service a unit clerk with a salary of $241 was removed from that position and tendered a. clerical position at a salary of $150 per month without charges having been preferred against him. This action was held to be illegal, the Supreme Court saying:

''It may be added that an indefinite suspension without pay simply amounts to a *removal*, and that a *demolion*, so far as it carries with it a reduction of salary, is only an indirect method of attaining the same end. For, if a civil service employee may be 'demoted' once and his salary thus substantially reduced, he may of course be' 'demoted' again and his salary still further reduced, or (say) until it vanishes altogether.

''Public boards and commissions may remove their employees only in the manner permitted by law. They cannot remove them otherwise, even for the alleged 'good of the service.' ''

There is no merit in the contention of the city that Smith should be repelled because of his laches in waiting eleven months to begin his action.

We think the other courts were correct in adjudging liability against the city and deny the writ.