ARTHUR CURRY, RESPONDENT, v. THE CITY OF ST. LOUIS, A MUNICIPAL CORPORATION, APPELLANT.—183 S. W. (2d) 155.

St. Louis Court of Appeals.   Opinion filed November 14, 1944.

Respondent's motion for rehearing overruled December 1, 1944.

*Joseph F. Holland* and *William R. Davis* for appellant.

*Chelsea O. Inman* for respondent.

ANDERSON, J.—In this action plaintiff seeks to recover $200, which he claims to be balance of salary withheld from him, by defendant, over a period of nine months, from September 15, 1941, to June 15, 1942, for his services as a janitor foreman. The case was tried by the court, and resulted in a finding and judgment for plaintiff. From this judgment, defendant appealed.

From the evidence it appears that on September 8, 1941, Mayor Becker told plaintiff he had a job for him and directed him to see Mr. Charles Hertenstein, Chairman of the Efficiency Board. Mr. Hertenstein told plaintiff that he had a job for him as janitor foreman at a salary of $115 per month. After some discussion between Mr. Hertenstein and plaintiff, in which plaintiff objected to the small salary, plaintiff finally decided to accept the job. He then was referred for examination and classification to Mr. Clarence Weismantle, Examiner for the Efficiency Board. Thereafter Mr. Weismantle classified plaintiff as a janitor foreman, and issued to him a card, reading as follows:

"Janitor foreman. Labor card. The Efficiency Board of St. Louis. Number 1875. Date, September 8, 1941. Branch, public safety. Class, U.B. J.-II. Name Arthur Curry. Address, 2822 Cass avenue. Show this card to employing officer. (Signed) Clarence Weismantle."

The evidence shows that according to City Ordinance 42,110, the symbol U.B. J.-II refers to the position of janitor foreman with a specified salary of $115 per month, and the symbol U.B. J.-I refers to the position of janitor with a salary of $95 per month.

By Ordinance 39,186, the St. Louis Building Commissioner has the duty of making appointments to the positions of janitor and janitor foreman. At the time of the appointment in this case, Mr. Albert H. Baum was building commissioner, and Mr. Hubert W. Guth was superintendent of buildings under Mr. Baum. Mr. Guth was in charge of the actual details of selecting janitors and janitor foremen for employment by the city. Plaintiff does not state what occurred when he presented his classification card to Mr. Guth; but Mr. Guth testified that prior to the time plaintiff was employed, he discussed the work with plaintiff, and told plaintiff that there was no opening as janitor foreman; that if plaintiff wanted to accept the job as janitor, he could take it or leave it, and that plaintiff accepted the job at $95 a month. Thereafter Mr. Baum wrote a letter to the city registrar, reading as follows:

"September 8, 1941

"Honorable Ray Schroeder,
"2822 Cass Avenue,
"City.
"Dear Sir:—

"I have this day appointed Arthur Curry of 2822 Cass Avenue, to the position of janitor in the Maintenance Section of the Department of Public Safety, in accordance with Ordinance 39186, salary $95 per month, effective September 15.

"Please have him qualified.

"Yours very truly,
"(signed) A. H. BAUM, JR.,
"Building Commissioner."

This letter was produced by defendant from the file of the city registrar, and, according to Mr. Baum's testimony, it constituted a part of the city's public records.

There was also produced at the trial a book, also a part of the public records of the city, which contains the following oath administered to and signed by plaintiff:

"Official Oath:

"State of Missouri, } ss.
"City of St. Louis.

"I, Arthur Curry, residing at 2822 Cass, having been appointed by Building Commissioner, approved by ............ to the office of janitor of the City of St. Louis, do solemnly swear that I have all the qualifications named in the Charter and the Ordinances of the City of St. Louis for the employment I am about to assume; that I will support the Constitution of the United States and of the State of Missouri and the Charter and Ordinances of this City and will faithfully discharge the duties of the said employment.

"(Signed)   ARTHUR CURRY.

"Subscribed and sworn to before me this September 8, 1941, A. D.
"R. C. SCHROEDER
."City Registrar, City of St. Louis.
"LESTER L. HOHL, Deputy.

"Date of appointment, September 8, 1941"

On cross-examination plaintiff at first denied that he went to the registrar's office and signed the oath as janitor; then he stated that he did not remember signing the record, and later he stated he signed the record, but signed it as janitor foreman, and he was sure that the record did not show that he was sworn in as a janitor. However, when the record of the oath was introduced in evidence, plaintiff, in open court, admitted his signature to it.

Defendant also introduced into evidence plaintiff's employment card, kept by the personnel department of the city, which contained the following information:

1116

■■■■■■■■■■■

"Symbol U.B. J-I  Application No. 1875    Department F
                                          Public Safety
"Name      Curry, Arthur Lee                 Division
"Address   2822 Cass                         City Hall
"Title     Janitor

                                          Salary Per
                    "Date Appointed         $95
                      9/16/41
          "Reapptd.        9-16-42         sex   male
          "(over)"

On the back of the card appeared the following information:
"Laid Off 6-21-43   (did not sign form for resignation)
"Resigned 6/15/42   Running for public office."

Plaintiff's work, from September 15, 1941, to June 15, 1942, consisted in that work usually performed by a janitor foreman. He supervised the janitor work, and saw to it that the various janitors were supplied with the different supplies needed. He had twenty-six janitors under his charge. Mr. Guth, who was defendant's witness, testified that plaintiff worked as acting foreman. He explained this by saying that since, at the time, there was no foreman, someone had to be in charge; that plaintiff saw that the men got their supplies, he assigned to them their duties, and did some work himself; that he performed all the duties of a foreman. He also stated that at the time he employed plaintiff, he told him that they had no janitor foreman job, but if he wanted to accept that job, to do that work, he could, with no additional compensation. Mr. Guth further testified that no foreman was put in charge of the janitors because all the window washers employed by the city were appointed as janitor foremen; that there was no ordinance provision for window washers, and as it was difficult to obtain men to wash windows at $95 per month, the salary of a janitor, the city officials arbitrarily designated window washers as janitor foremen, thus enabling them to be paid $115 per month. This practice resulted in the filling of all janitor foremen positions provided for by the ordinance with window washers, so that no foremen were appointed to direct the men who were doing the regular janitor work.

During the nine months plaintiff was so employed, he was paid $95 per month, the regular pay of a janitor.

Plaintiff testified that after receiving his first check on October 1, 1941, he protested to the mayor, claiming that he should have received the pay of a janitor foreman, which was $115 per month. The mayor told him he would look into it and see what was wrong. Plaintiff stated that at that time he threatened to go to court, and the mayor said: "Go ahead and make yourself satisfied. I am going to see you are well taken care of because you are a member of this organization." He further testified that about a month later he protested to Mr.

Charles Hertenstein, Chairman of the Efficiency Board, and made a demand that he receive $115 per month instead of $95. Mr. Hertenstein told him not to be too hasty, but to wait awhile and they would see what was wrong. The evidence does not show that anything was ever done about the matter, or that any further protests were made by plaintiff. He continued to accept pay at the rate of $95 per month until he resigned in June, 1942, at which time he decided to run for constable. Thereupon he tendered his resignation, in two letters reading as follows:

"June 8, 1942.

"Mr. H. W. Guth,
"Superintendent of Municipal Buildings,
"Room 426, City Hall.
"Dear Mr. Guth:

"I hereby tender to you my resignation as Janitor in the City Hall to be used at your convenience.

"Yours very truly,
"ARTHUR CURRY, Janitor."

"St. Louis, Mo., June 9th, 1942.

"Hon. A. H. Baum,
"Building Commissioner,
"City of St. Louis.
"Dear Mr. Baum:

"By reason of the fact that I have filed for the nomination for constable in the Sixth District in the City of St. Louis I herewith tender to you my resignation as Janitor, such resignation to be effective on June 15, 1942. In this connection, I wish to advise you that it is my intention not to engage in any active campaign for the position which I seek in any way whatsoever until after my resignation shall become effective.

"(Signed) ARTHUR LEE CURRY."

In its findings of fact, the trial court found that on or about September 8, 1941, plaintiff was employed by the defendant to perform the duties and services of a janitor foreman at the City Hall in the city of St. Louis, effective as of September 16, 1941; that plaintiff performed the duties of a janitor foreman from September 16, 1941, to June 15, 1942, and received a salary of $95 per month; that plaintiff was examined and classified by the Efficiency Board as a janitor foreman; that by ordinance the position of janitor foreman was designed by the symbol U.B. J.-II, and the rate of compensation provided by said ordinance for such position was $115 per month; that the city officials caused plaintiff to be sworn in at the city registrar's office as a janitor, and caused certain records of the city to state that plaintiff was a janitor, and that the purpose in so doing and in appointing window washers as janitor foremen was to circumvent the provisions of the city charter and ordinances.

The trial court further found that plaintiff had made demand for the balance of salary due him as janitor foreman, which demand had been refused.

In its conclusions of law, the court declared that pursuant to the provisions of the city charter, the position of janitor foreman was in the classified service; that it was the duty of the Efficiency Board to prescribe rules for the classified service, including the classification and standardization of all positions in the classified service; that pursuant to the city charter, the Board of Aldermen were required to fix by ordinance the salaries of employees of the city, which should be uniform for like services in the classified service; that pursuant to Ordinance 42110, enacted by the Board of Aldermen, plaintiff, as janitor foreman, was entitled to receive a salary in the sum of $115 per month, and therefore was entitled to recover of defendant the sum of $200, with interest thereon from the date of the filing of suit.

Thereafter judgment was entered for plaintiff in the sum of $205.

Appellant states that the court's finding that plaintiff was employed as a janitor foreman is not supported by the evidence. With this contention we are bound to concur. The documentary evidence, consisting of the records of the city of St. Louis and the letters of resignation written by the plaintiff, conclusively establish that plaintiff never was appointed to the position of janitor foreman and never held office as such. His only appointment was that to the position of janitor, and while he did perform some or all of the duties of a janitor foreman, that fact did not operate to promote him automatically to the position of janitor foreman, as hereinafter shown in regard to salary.

We, therefore, have this situation: The Efficiency Board classified plaintiff as being qualified to fill the position of janitor foreman, and gave him a card stating: "Show this card to employing officer." A St. Louis Ordinance requires the building commissioner to appoint janitors and janitor foreman for the city. The superintendent of buildings, in charge of the details of such employment under the building commissioner, employed plaintiff as a janitor, the janitor foreman classification entitling him to the lesser position of janitor, being in the same line of work. Plaintiff accepted the position of janitor, took the oath of office as janitor, and ten months later resigned from the position of janitor.

Now, with respect to compensation. Although plaintiff was merely an employee of the city, and not an officer, the rule which applies to officers should apply to employees, i. e., where one is not appointed to a particular office, he is not entitled to the salary attached to such office, notwithstanding the fact that he might have performed some or all of the duties annexed to such office. [MacMath v. United States, 248 U. S. 151, 63 L. Ed. 177, 39 Sup. Ct. Rep. 31; 43 Am. Jur. 136; State ex rel. Linn County v. Adams, 172 Mo. 1, 72 S. W. 655; Givens

v. Daviess Co., 107 Mo. 603, 17 S. W. 998; State ex rel. Chapman v. Walbridge, 153 Mo. 194, 54 S. W. 447; Sanderson v. Pike County, 195 Mo. 598, 605, 93 S. W. 942.]

The judgment appealed from is reversed. *Hughes, P. J.,* and *McCullen, J.,* concur.