David M. ATKINS, et al., Appellants,

v.

CITY OF KNOXVILLE, et al., Appellees.

Lawrence E. EVERETTE, Appellant,

v.

CITY OF KNOXVILLE, et al., Appellees.

Court of Appeals of Tennessee,
Eastern Section.

June 8, 1983.

Permission to Appeal Denied by
Supreme Court Oct. 11, 1983.

---

J. Anthony Farmer of Kerr & Ray, Knoxville, for appellants.

Robert H. Watson, Jr., of McCampbell & Young, Knoxville, for appellees.

## OPINION

FRANKS, Judge.

Plaintiffs, employees of the Knoxville Police Department, appealed the chancellor's dismissal of their suits, instituted to recover compensation for duties assigned by their employer not required under their civil service classification.

The chancellor filed a memorandum opinion, which we adopt in pertinent part:

Plaintiffs in these actions are uniformed officers, employees of the Knoxville Police Department. They are mostly patrolmen, the lowest rank within the department, although some are higher ranking.

For various periods of time Plaintiffs have been assigned on an individual basis to duties in the police department other than those usually performed by officers of their rank. For example, assignments have been made to duties in various units including criminal investigation, detective, criminalistics, training, narcotics and organized crime, crime prevention, beer inspection, internal investigation, and special planning. Plaintiffs contend that where these assignments were from patrolman to police sergeant responsibilities that they are entitled to the pay of sergeant for the periods they were assigned to the higher ranking positions. The same claim is also made for assignments to higher positions than sergeant.

The Defendants contend Plaintiffs are paid according to rank and not according to the job done, and that the only salary protection afforded Plaintiffs is that their salary may not be reduced from that paid the rank to which they have been formally appointed or promoted under the Knoxville civil service system.

The chancellor following the unreported opinion of this court, *Nicely, et al. v. Tyree, et al.,* Tennessee Appeals, filed November 2, 1979, determined plaintiffs were not entitled to additional compensation and dismissed the suits.

█ Generally, the right of a municipal officer or employee to his salary is only as prescribed by statute and a municipal legislative body may increase the duties required of the employees without increasing the salary, however disproportionate the

value of his services may be. 56 Am.Jur.2d, *Municipal Corporations, Etc.,* § 262 (1971). With respect to an increase or reduction of salary, the Supreme Court, in *City of Knoxville v. Smith,* 176 Tenn. 73, 138 S.W.2d 422 (1940), quoting from *Corpus Juris,* said:

An increase of salary which is such as to constitute a promotion under the civil service laws is not effective unless the requirements applicable in the case of an appointment by way of promotion are complied with; but the rule is not applicable where an employment in a lower grade was only temporary. On an analogous theory, a reduction in compensation which is such as to constitute a removal under the civil service laws is not effective, unless the procedure required by the civil service laws as a condition precedent to a valid removal is taken; but the contrary has been held in the case of a general reduction of salaries made in good faith and without intent to discriminate against any single employee. 176 Tenn., at 77–8, 138 S.W.2d 422.

The court in *Nicely* followed the general rule, citing *Curry v. City of St. Louis,* 237 Mo.App. 1112, 183 S.W.2d 155 (1944), to the effect that where one is not appointed to a particular office he is not entitled to the salary attaching to such office, notwithstanding the fact that he may have performed some or all of the duties of that office.

Plaintiffs insist that *Nicely* does not control because the ordinance relied upon by plaintiffs was not before the court in *Nicely.* The ordinance in question, Ordinance No. 4860 of the City of Knoxville, in pertinent part states:

WHEREAS, the Council of the City of Knoxville, pursuant to the authority granted by the City Charter generally and by Section 5 (52) thereof specifically desires to create and establish the following classification and pay plan for municipal employees:

SECTION 1. CLASSIFICATION OF POSITIONS

All positions, except elected positions, shall be grouped into classes, and each class shall include all positions similar in responsibility, type and difficulty in order that:

. . . . .

d. Each class of position under similar employment conditions will receive the same range of compensation.

The ordinance then provides for specific classes in the plan. Among the objectives stated in another section of the ordinance is: "a. Provide equal pay for positions of substantially equal complexity and responsibility." The ordinance further provides employees may seek change in classification of a position by appealing to the personnel officer and, if dissatisfied, a further appeal to the mayor is provided.

■ Under this ordinance, compensation is made to depend upon classification of the employee but the mere performance of duties by the employee in another classification does not, as a matter of law, entitle the employee to compensation other than that provided for his classification.

■ Finally, appellant contends Lawrence E. Everette had sought reclassification under the ordinance to no avail and argues the chancellor erred in dismissing Everette's claim for reclassification. The ordinance creates no right of reclassification but grants broad discretion to the personnel officer and mayor in deciding whether to reclassify any employee. We affirm the chancellor's conclusion that the claim as posed is not actionable.

The judgment of the chancery court is affirmed and the cause remanded, with costs incident to the appeal assessed to appellants.

GODDARD, J., and KIRBY MATHERNE, Special Judge, concur.