Edward D. BANTA, et al.,
Plaintiffs-Appellants,

v.

The CITY OF ST. LOUIS, et al.,
Defendants-Respondents.

No. 46586.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 20, 1983.

Richard Shinners, Diekemper, Hammond & Shinners, Jan Bond, St. Louis, for plaintiffs-appellants.

James J. Wilson, City Counselor, Judith A. Ronzio, Asst. City Counselor, St. Louis, for defendants-respondents.

STEWART, Judge.

Plaintiffs are twenty-six persons who were employed by the City of St. Louis in the fire department (Plaintiffs). The defendants are the City of St. Louis, the Chief of the Fire Department, the Director of the Department of Personnel, the Controller and the Director of the Department of Public Safety, hereafter referred to generally as defendants or City. Plaintiffs who were assigned work as acting fire captains for a period of time sued to recover the wages of captain during the periods that they served in the capacity of acting fire captain. The trial court found the issues in favor of City and plaintiffs appeal. We affirm.

The ranks within the fire department in descending order are: "Fire Chief, Deputy Fire Chief, Battalion Fire Chief, Fire Captain, Fire Equipment Dispatcher 3, Fire Fighter, Fire Equipment Dispatcher 2, and Fire Equipment Dispatcher 1. Individuals are hired into the Fire Department of the City of St. Louis in the position of Fire Fighter pursuant to Article XVIII of the Charter of the City of St. Louis, Missouri (hereinafter the 'Civil Service Provisions')."

The rank of fire captain is included within the classified service of the City of St. Louis and is subject to the provision of Article XVIII of the Charter of the City of St. Louis and the Rules of the Civil Service Commission. At various times examinations are held for the position of fire captain. Fire department personnel who meet the minimum requirements for the position may make application and take the examination. An "eligibility list" is compiled based upon the results of the examination. The names of persons on the "eligibility list" are ranked in numerical order with the name of the person with the highest examination score being listed as number one. In the event that there is a vacancy in the position of captain, the Fire Chief, as the appropriate appointing authority, requests the appointment of an individual to fill the open position by means of a requisition directed to the Department of Personnel through the Budget Division. If the Budget Division authorizes the filling of the position, the requisition is then forwarded by the Budget Division to the Department of Personnel. The Director of the Department of Personnel then certifies to the Fire Chief a certain number of individuals who are on the eligible list for the purpose of permitting the Fire Chief to select from these individuals the person he will appoint to the available Fire Captain position. The number of persons so certified to the Fire Chief is governed by the Rules of the Civil Service Commission and, generally, is determined by adding two to the number of positions available, e.g., if only one position were available, then, generally, three individuals would be certified; if five positions were available, then, generally, seven persons would be certified. The Department of Personnel notifies the individuals who have been certified of their certification, and the Fire Chief selects from those individuals certified to him by the Department of Personnel the person he chooses to ap-

point to the vacant Fire Captain position and notifies the Department of Personnel of his choice. The Department of Personnel then generates and completes the necessary paperwork to formalize the appointment. The individuals who have been appointed receive an assignment form, signed by the Fire Chief, which instructs them to report for duty in the position of Fire Captain at a specified time and place. Under the Rules and Regulations of the Fire Department of the City of St. Louis, an employee who fails to report as ordered and/or fails to perform duties as ordered is subject to discipline, including termination.

At all times pertinent there was a duly enacted ordinance in effect providing for the rate of pay of all employees in classified service including the position of fire captain.

Before May 23, 1976, plaintiffs Lane, Ashworth, Lewis, Frossell, Streiler, Malone, Renshaw, Hodges, Schakley, Trostel, Hohmann, Fiala, Brewer, Wheelehan, Hastings, Bogue, Madsen, Miriani, and Milentz were employed by the Fire Department with the rank of fire fighter. Each had taken, passed the examination for fire captain and were placed upon the eligibility list in the order of their rank on the examination. They were notified by the Director of Personnel that they were being certified to the fire chief for the position of fire captain. Each of these plaintiffs received an assignment form dated May 21, 1976, signed by the Chief of the Fire Department advising each of them to report for duty on May 23, 1976, at varied specified locations in the position of "Acting Fire Captain."

Before September 5, 1976, plaintiffs Ralston, Bohnenkamp, Banta, Boice, Caldwell, Bauer, and Conley, were employed by the Fire Department in the rank of fire fighter and like the other plaintiffs above had passed the examination for fire captain, were placed on the eligibility list for captain and had received notification from the Director of Personnel that they were being certified to the fire chief for the position of captain. Thereafter they received notice from the fire chief to report for duty at the locations specified as "Acting Fire Captain."

Except for one termination plaintiffs served in the capacity of "Acting Fire Captain" substantially performing the duties of fire captain through February 10, 1978, when they were relieved of their duties as fire captains and returned to the duties of fire fighter.

During the periods of time involved in this case the hiring and promotion policies of the City of St. Louis with respect to the fire department were being challenged in the Federal Courts. The protracted litigation commenced in 1974. From August 13, 1976 on defendants were effectively prohibited from formally appointing the position of fire captain by various orders of the United States District Court and the United States Court of Appeals for the Eighth Circuit.[1]

During the time plaintiffs worked as "Acting Fire Captains" they were paid the wages of fire fighters. After they were relieved of their duties as "Acting Fire Captains" and returned to their duties as fire fighters they made demand for payment of the difference in pay between the two ranks for the period during which they performed the duties of fire captain. Upon refusal to pay that difference this litigation followed.

■ The plaintiffs first contend that "The Circuit Court erred in ruling that, for purposes of compensation, Appellants were not Fire Captains de jure on the ground

1. See *United States v. City of St. Louis, Firefighters Institute for Racial Equality v. City of St. Louis*, 410 F.Supp. 948 (U.S.D.C.E.D.Mo.E. D.1967); *United States v. City of St. Louis, Firefighters Institute for Racial Equality v. City of St. Louis*, 418 F.Supp. 383 (1976); *Firefighters Institute for Racial Equality v. City of St. Louis*, etc., 549 F.2d 506 (U.S.C.A. 8th Cir. 1977); *Firefighters Institute for Racial Equality v. City of St. Louis*, etc., 588 F.2d 235 (1978); *Firefighters Institute for Racial Equality v. City of St. Louis*, etc., 470 F.Supp. 1281 (1979).

that Appellants were not formally appointed to positions as Fire Captains because such ruling erroneously interpreted and applied the provisions of the Charter of the City of St. Louis in that said Charter requires that City employees be paid like pay for like work, regardless of the existence of formal appointments, and Appellants substantially performed the duties of Fire Captains under orders from Respondents."

Plaintiffs recognize that they were not made fire captains; they make no claim to the rank of captain. As they concede in their brief they were made "Acting" captains "simply to avoid the possibility of disobeying the federal court orders." A de jure officer is one who holds lawful title to the office. There is no basis upon which it can be said that the plaintiffs held the rank of captain by right.

The City found itself in an unusual situation; it had vacancies in the supervisory position of fire captain that it could not safely fill because of pending litigation with respect to its hiring and promotion policies. The supervisory functions had to be performed. As a result the City assigned personnel that would have been promoted to the rank of captain under the policies that were the subject of the litigation to perform extra services as "Acting" captains.

The designation of "acting" officer is not uncommon. In *Capibianco v. Civil Service Commission,* 60 N.J.Super. 307, 158 A.2d 834, 839 (1960) it was said, "The designation 'acting chief' connotes, in common acceptance one who acts in place of the chief, but is not the chief; by very definition, it excludes any claim to the permanent position of 'chief'."

The case of *Curry v. City of St. Louis,* 237 Mo.App. 1112, 183 S.W.2d 155, 157 (1944) closely parallels the case under consideration. Curry was told by the head of the Efficiency Board of the City of St. Louis that there was a job as janitor foreman available for him. He was referred to Mr. Weismantle for examination and classification and was classified as janitor foreman.

Janitor foremen had a pay rate of $115.00 per month. Janitors were paid $95.00 per month. After being classified Curry reported to Mr. Guth, the Building Commissioner. By ordinance the Building Commissioner had the duty to make appointments to the positions of janitor and janitor foreman and was in charge of the actual details of selecting persons for these positions.

Mr. Guth interviewed Mr. Curry and then sent a letter to the City registrar notifying him that Mr. Curry had been appointed to the position of janitor at a salary of $95.00 per month. Curry signed the required oath in which he acknowledged that he had been appointed janitor and that he had the qualifications for the office.

Curry entered upon his employment and performed work usually performed by a janitor foreman. Mr. Guth testified that Curry worked as "acting foreman." Curry worked for nine months and was paid $95.00 per month, the regular pay of a janitor. After leaving this employment he brought an action to recover the difference between the pay of a janitor and that of a janitor foreman. The trial court sustained Curry's claim.

On appeal this court held that although Curry was qualified to fulfill the post of foreman, and although he performed the duties of foreman as "acting" foreman, his only appointment was that to janitor. The Court in denying recovery said that the rule applicable to officers in a city is also applicable to employees and held: "where one is not appointed to a particular office, he is not entitled to the salary attached to such office, notwithstanding the fact that he might have performed some or all of the duties annexed to such office." *Curry v. City of St. Louis,* 183 S.W.2d at 159.

As in *Curry,* the appointing authority, the Chief of the Fire Department did not appoint plaintiffs to the rank of fire captain. As fire fighters they were assigned extra duties to cover the functions of captain until the pending litigation was terminated. They are not entitled to the salary of the

office. *Curry v. City of St. Louis,* 183 S.W.2d at 159.

■ Plaintiffs argue that they are entitled to be paid captain's wages by reason of the policies enunciated in Article XVIII, § 2(b) of the Charter:

"(b) Rates of pay. Fair and equitable rates of pay shall be provided with due consideration of both the employees and the taxpayers and with due observance of the principle of like pay for like work, and suitable differences in pay for differences in work."

We must also read this provision along with Article VIII, Sec. 7 which provides that "[a]ll salaries or compensation shall be uniform for like service."

The salary structure is not attacked. Proper rates of pay have been established for the various ranks within the fire department. As pointed out above plaintiffs were not designated captains. They were not appointed to that office and are not entitled to the salary of that rank.

■ Plaintiffs also contend that they are entitled to the salary of captain because they held the rank of captain de facto. This contention must fail because plaintiffs were not in possession of the office under color of right. *State ex rel. Kansas City v. Coon,* 316 Mo. 524, 296 S.W. 90, 103 (1926). *See also,* 3 McQuillin, The Law of Municipal Corporations, Section 12.102 (3d Ed.1971).

■ In their final point, plaintiffs contend that at the very least, the performance of the duties of fire captains constituted "temporary appointments" under the Charter and as such they are entitled to recover captains wages for the first sixty days of such employment. Article XVIII, § 3(g) of the Charter provides:

"(g) Temporary appointments. For temporary appointments, without competitive tests, to competitive positions, for not to exceed sixty days in any case, which shall not be renewed or extended.

Such temporary appointments to be provided for shall include provisional appointments in the absence of available eligibles pending establishment of eligible registers and certification and appointment therefrom, transient appointments for short jobs of work, and emergency appointments pending filling of vacancies by other means than such emergency appointments;"

In analyzing this subsection, we must follow the general rule governing the interpretation and construction of Charter provisions which requires us to construe subsection (g) in conjunction with the rest of the Charter. *Abernathy v. City of St. Louis,* 313 S.W.2d 717, 719 (Mo.1958).

A careful reading of subsection (g) in light of the rest of the Charter precludes plaintiffs from recovery thereunder. The subsection specifically applies to appointments made without competitive tests. This is not the situation in this case. Here, plaintiffs had passed the competitive examination required before assuming the duties of a fire captain. Plaintiffs were certified and eligible for promotion to the rank of fire captain. We believe subsection (g) was drafted to operate in a narrow situation where there is no person qualified to assume a competitive position, yet by necessity the position must be filled at least on an interim basis. As stated above the plaintiffs here were not appointed to the position of captain; they were firefighters assigned to extra duty as supervisors or "acting captains."

The judgment of the trial court is affirmed.

KELLY, P.J., and SNYDER, J., concur.