John STUERMER, Michael Carraher, Janice Atkinson, Larry Schroyer, Mary St. Clair, Sully Batts, Rusty Carnes, Charles Smith, Mitchell Ball, Larry Swafford, Ken Phillips, Louis Thompson, Gary Randall, James E. Jackson, Steve W. Miller and Milo Eugene Ware, Plaintiffs–Appellees,

v.

The CITY OF CHATTANOOGA, Tennessee, a Municipal Corporation, Defendant–Appellant.

Court of Appeals of Tennessee, Eastern Section.

Sept. 29, 1995.

Permission to Appeal Denied by Supreme Court Jan. 29, 1996.

Stephen S. Duggins, Stophel & Stophel, P.C., Chattanooga, for Plaintiffs–Appellees.

Kenneth O. Fritz and Michael A. McMahan, Chattanooga, for Defendant–Appellant.

## OPINION

FRANKS, Judge.

In this action plaintiff policemen sought retroactive promotions under the Chattanooga City Code on the basis that during the time they were patrol officers they were assigned to perform the duties of a higher ranking officer and were entitled, under the ordinance, to promotions.

The trial judge found plaintiffs had been performing the duties of higher ranked officers and held plaintiffs' performance of those duties entitled them to retroactive promotions going back to six months after their transfer to the Detective Division.

The City appeals, challenging the finding of fact and interpretation of the ordinance (which has since been repealed) and insists that some claims are barred by the statute of limitations, accord and satisfaction, equitable estoppel, or laches.

Plaintiffs began working for the City of Chattanooga Police Department as patrol officers. Later, each at varying times was transferred to the Detective Division. No promotions were made with these transfers. For part of the period following transfer, some of the plaintiffs were paid a supplement of $15.00 per paycheck.

Plaintiffs were eventually promoted to the rank of inspector. This position, the equivalent of a sergeant or a detective, was created especially for this group of employees. The job responsibilities of these inspectors remain the same as when they were patrol officers working in the detective division.

The plaintiffs based their entitlement to retroactive promotions on the Chattanooga City Code 16–10, which provides:

(a) Whenever an employee of the fire department or police department is assigned by the chief of that department to do the work and perform the duties of a higher paid position, and after such employee performs such duties for at least thirty (30) consecutive calendar days, such assignment shall be reported by the commissioner of fire and police to the board of commissioners at its next regular meeting. On the sixty-first consecutive calendar day such employee shall be returned to performing the duties of his regular position unless he is promoted in accordance with article III, division 2 of chapter 2 of this Code, with the approval of the board of commissioners or unless before such sixty-first consecutive calendar day his salary is increased so (sic) that of the higher paid position for a specified period of time not to exceed an additional six (6) calendar months upon the recommendation of the commissioner of fire and police with approval of the board of commissioners; provided, however, that this section shall apply only to those below the rank of chief of any grade, whether deputy, assistant, or otherwise, and the foregoing shall not apply to a trainee for a position.

b. A "trainee" is any person who is assigned by the chief of his department to learn the duties of another position. Such assignments shall be for a period not to exceed six (6) calendar months and shall be reported by the commissioner of fire and police to the board of commissioners within thirty (30) days of each assignment. After a maximum of six (6) calendar months, a trainee shall either be promoted in accordance with article III, division 2 of chapter 2 of this Code et seq., upon recommendation of the commissioner of fire and police with approval of the board of commissioners, or returned to his former position.

The trial court found that Plaintiffs were assigned to perform the duties of a higher paid position. The City argues that the job descriptions of patrol officer and sergeant have overlapping features and that the patrol officers were merely assigned additional duties. However, the record shows that the officers left their patrol duties when they were assigned to the Detective Division. Instead of serving as a first response unit, they were responsible for follow-up investigations. Moreover, defendant recognized these officers were performing a different job by paying an additional $15.00 in salary. The evidence does not preponderate against the Trial Court's finding that the plaintiffs were assigned to perform the duties of a higher paid position. T.R.A.P. Rule 13(d).

■ The issue thus becomes whether the City ordinance required promotion of these plaintiffs after 61 days. The Trial Court concluded from the ordinance that plaintiffs were entitled to be promoted within six months. Our review of this conclusion of law is *de novo* without any presumption of correctness. *See* T.R.A.P. Rule 13(d).

The language of the ordinance states that once an employee has performed the duties of a higher paid position for at least thirty consecutive days, there are four options. On the sixty-first day, the employee can be returned to his regular position or promoted. On the sixty-first day, the employee's salary can be increased to that of the higher paid position for a period of time not to exceed six months. The promotion is to be with the recommendation of the commissioner and approval of the board of commissioners. If the employee is considered a trainee, the employee may be returned to his or her former position after six months. If the employee is considered a trainee, the employee may be promoted after six months. The promotion is to be upon recommendation of the commissioner and with approval of the Board of Commissioners.

There was, however, no designation of the Plaintiffs as trainees nor compliance with the ordinance as it related to trainees, and we conclude the proper interpretation of the ordinance is plaintiffs should have been returned to their regular positions or received promotions as of the 61st day that they performed the duties of the higher paid position.

The defendant insists the ordinance did not require promotion in these cases. They

argue that the required Board of Commissioner approval was not given and therefore no promotion could take place. However, the ordinance was intended to assure proper compensation for the performance of certain work and the lack of Board approval should not prevent the promotions. Otherwise, such inaction would render the ordinance meaningless.

Defendant contends that *Atkins v. City of Knoxville*, 658 S.W.2d 122 (Tenn.Ct.App. 1983), controls. In that case the court dealt with a similar ordinance and held that "the mere performance of duties by the employees in another classification does not, as a matter of law, entitle the employee to compensation other than that provided for his classification." In that case, the ordinance called for compensation based upon the employee's classification and the court held that the mere performance of different duties did not entitle that employee to the different classification's compensation rate. Here, however, the ordinance bases compensation on the performance of different duties. *Atkins* is inapposite.

Defendant further argues the Police Department is limited to spending only those funds authorized for expenditure. Relying on the Chattanooga City Charter 6.91, it is argued that the Board of Commissioners is presumed to know the law and did not fund these positions.

■ City ordinances are subordinate to charter provisions. *Wilgus v. City of Murfreesboro*, 532 S.W.2d 50 (Tenn.App.1975). However, where an ordinance is susceptible of two constructions, the court will adopt the construction which would render it valid. *Hermitage Laundry Co. v. City of Nashville*, 186 Tenn. 190, 209 S.W.2d 5 (1948). Those questioning the validity have the burden of proof. *Town of Surgoinsville v. Sandidge*, 866 S.W.2d 553 (Tenn.App.1993). Where possible, a statute and ordinance on the same subject will be reconciled, and effect given to both. *SPE, Inc. v. Metropolitan Government of Nashville and Davidson County*, 817 S.W.2d 330 (Tenn.App.1991).

■ The state statute and charter provisions are not in direct conflict with the ordinance. This case differs from *Wilgus* where the conflict was on the exact subject matter. The charter here requires the budgets of each department be followed. The ordinance requires that policemen receive the compensation appropriate for the work performed. While the budget must be followed, the individual policemen should not be denied compensation because the department did not take their work into account when planning the budget. The proper resolution of this conflict would require that the policemen receive the pay due them and the budget be amended to reflect compliance with the ordinance. Whether the budget should be adjusted or the department downsized, is properly addressed to the City Council. The Council seems to have recognized the problem by repealing the ordinance. The ordinance plainly required a return to regular duties or promotion within 61 days of transfer to the higher paying position. It was not honored by the defendant, and the plaintiffs are entitled to retroactive promotions from that time rather than the six months as found by the Trial Judge.

Defendant further argues, assuming *arguendo* the ordinance required promotion of plaintiffs, that the statute of limitations has run. It submits that the six year Statute for Breach of Contract is applicable and the parties acknowledge that the six year statute would exclude some Plaintiff claims.

■ The Trial Court refused to apply the statute of limitations. Plaintiffs argue that the defendant's failure to promote is a continuing violation and that each pay period triggers the statute anew and rely on the United States Supreme Court case of *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982) which applied this theory to a discrimination case. Courts have been reluctant to apply this doctrine outside of the context of Title VII discrimination cases. *See McGregor v. Louisiana State University Board of Supervisors*, 3 F.3d 850 (5th Cir.1993), *cert. denied* ——

U.S. ——, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994).

■ We are of the opinion that the rationale applied by the 6th Circuit in *Anderson, et al., v. City of Bristol, Tennessee*, 6 F.3d 1168 (6th Cir.1993) is the proper analysis to apply to the facts of this case. The *Anderson* Court, quoting with approval *Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971, 981 (5th Cir.1983) said:

It noted that the key is whether the original discriminatory act had "the degree of permanence that should trigger an employee's awareness of and duty to assert his or her rights." The Court then concluded that there was no continuing violation because the firefighters were fully aware of the City's reduction of their base pay when they received their April 15, 1986 pay checks: "the reduction in pay was itself the violation; subsequent pay packets simply gave it continuing effect in the facially neutral manner."

Page 1175.

Under this rationale, when the plaintiffs were not promoted in violation of the ordinance, their cause of action became complete. They are held to be aware that the City had violated their right to the promotion and statutes of limitation are looked upon with favor in this jurisdiction. *Applewhite v. Memphis State University*, 495 S.W.2d 190 (Tenn. 1973).

We noted in *Haskins v. City of Chattanooga*, 877 S.W.2d 267 (Tenn.App.1993) that plaintiffs' rights are contractual in nature and we conclude the six year statute of limitation governing contract actions is applicable to the facts of this case. Accordingly, upon remand, the action as to the plaintiffs who did not bring suit within the six year limitation period will be dismissed. Next, defendant contends that the acceptance by some of the plaintiffs of the additional $15.00 per pay period amounted to accord and satisfaction, and their claims should be barred.

■ Accord and satisfaction occurs when a party agrees to accept, in satisfaction of a claim, something less than that which she considers herself entitled. *R.J. Betterton Management Services, Inc. v. Whittemore*, 733 S.W.2d 880 (Tenn.App.1987). The court in that case said:

to constitute a valid accord and satisfaction, it is essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction or original demand, that the debtor shall intend it as a satisfaction of such obligation and that such intention shall be made known to the creditor in some unmistakable manner; it is equally essential that creditor shall have accepted it with intention that it should operate as satisfaction.

*Id.* at 882.

The record reveals that the defendant informed the officers that the $15.00 was a "supplemental pay increase due to your present duties." It is not clear that the statement expresses the intention in an "unmistakable manner" which defendant now contends. Moreover, the burden of proof rests on the defendant on this issue.

■ Assuming *arguendo* that there was an accord and satisfaction, policy prevents a public officer from agreeing to render services for compensation less that fixed by law. *Lane v. Sumner County*, 201 Tenn. 229, 298 S.W.2d 708 (Tenn.1957); *Carmichael v. Hamby*, 188 Tenn. 182, 217 S.W.2d 934 (Tenn.1948). The acceptance of the supplement does not prevent plaintiffs from seeking their retroactive promotions and pay accorded them by law.

■ Finally, it is argued that either equitable estoppel or laches bar these claims. Equitable estoppel was not raised at trial and may not be considered on appeal. *Sparks v. Metro. Gov. of Nashville and Davidson Co.*, 771 S.W.2d 430 (Tenn.Ct.App.1989).

■ Laches is established when there has been "neglect or omission to assert a right which, taken in conjunction with a lapse of time, causes prejudice to the adverse party." *First American Bank of Nashville v.*

*Woods,* 734 S.W.2d 622 (Tenn.Ct.App.), *perm. app. denied,* (1987). Courts are reluctant to apply the defense of laches and in a case where delay in filing suit can reasonably be explained or justified, the defense will not be applied. *Freeman v. Martin Robowash, Inc.,* 61 Tenn.App. 677, 457 S.W.2d 606 (1970). The defendant does not establish any prejudice by the timing of this action.

We conclude plaintiffs who performed the duties of a higher paid position as determined by the Trial Court are entitled to retroactive promotions, but the statute of limitation bars some plaintiffs. However the defense of accord and satisfaction, equitable estoppel and laches are not applicable. Accordingly, we remand to the Trial Court to dismiss the actions of those plaintiffs whose actions are barred by the statute of limitations, and recompute the damages of the remaining plaintiffs in accordance with this opinion.

In our discretion, we assess the cost of appeal to defendant.

GODDARD, P.J. (E.S.), and SUSANO, J., concur.