William **MUEHLHEAUSLER**,
Appellant,

v.

**CITY OF ST. LOUIS, Missouri,**
Respondent.

No. ED 87998.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 9, 2007.

Robert M. Hibbs, Saint Louis, MO, for respondent.

Charles W. Bobinette, Saint Louis, MO, for appellant.

## OPINION

GLENN A. NORTON, Presiding Judge.

William Muehlheausler appeals from the grant of summary judgment in favor of the City of St. Louis ("the City") on his suit in which he alleged that he was entitled to additional compensation from his alleged temporary promotion by the City to a higher-paying position. We reverse and remand.

## I. BACKGROUND

Muehlheausler has worked as a painter at the City's airport since 1992. The City maintains a system of different job titles for painters, with each title carrying different responsibilities and benefits, including compensation. A "Lead Painter" or "Painter (Lead)" has supervisory duties and is more highly compensated than a "Painter."

Muehlheausler filed suit against the City in 2004, alleging that for more than five years he had been classified and paid as a Painter, but had been "assigned, and performed the duties of, a Lead Painter" without additional compensation.[1] Two weeks later, Muehlheausler filed an amended petition alleging that he was appointed to the position of Acting Lead Painter in April 1998 and had performed the duties of a Lead Painter since then without additional compensation. He claimed that this was a temporary promotion and that, under the City pay ordinances, he was entitled to at least a 5% increase in his rate of pay for that time.

The City moved for summary judgment. It argued that the statute of limitations had passed on any claim for unpaid compensation from more than five years prior to the filing of the amended petition because the amended petition's claims did not relate back to those of the original petition. Further, the City asserted that the titles Acting Lead Painter and Lead Painter do not exist in its pay ordinances. The City acknowledges in its filings with this Court that Lead Painter was a City job title until the ordinance was replaced with one using the title Painter (Lead) just two months before Muehlheausler's petition was filed. Finally, it claimed that Muehlheausler is not entitled to any additional compensation because he was never promoted to any position beyond Painter. In support of its arguments, the City attached to its motion copies of the appropriate ordinances and affidavits from the City's human resources administrator stating that (1) to be temporarily promoted, a form indicating so must be signed by the employee's appointing authority and filed with her office; and (2) she had no paperwork for Muehlheausler indicating that he had been temporarily promoted to Lead Painter.

Muehlheausler responded, claiming that his amended petition related back to its original petition. He also claimed that the City's job title of Painter (Lead), listed in the current City ordinances, is the same as an Acting Lead Painter or Lead Painter. Further, he asserted that he was appointed to and had the duties of a Painter (Lead). In support, he filed (1) an affidavit wherein he claimed to have been promoted to the position, (2) a newspaper article produced by the City identifying him as Acting Lead Painter and (3) several exemplary performance reviews. In the affidavit, he asserted that he had been

---

1. The petition was dismissed for failure to state a claim, but the dismissal was later set aside.

temporarily promoted to Painter (Lead) when he was designated the Acting Lead Painter. The performance reviews' headings identify his class title as "Painter," but comments in the reviews by his supervisors identify him as the "lead painter," "acting Lead Painter," "in the capacity of Lead Painter," or "acting lead man." Some reviews refer to him as the "lead painter," but also recommend that he be upgraded to "Lead Painter" when the budget permits.

The court granted summary judgment to the City. Muehlheausler appeals.

## II. DISCUSSION

Summary judgment is reviewed essentially *de novo* and affirmed only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.*

### A. Genuine Issue Of Material Fact

Muehlheausler argues that there was a genuine issue of material fact as to whether he was temporarily promoted. A genuine issue of material fact "implies that the issue, or dispute, must be a real and substantial one—one consisting not merely of conjecture, theory and possibilities." *Id.* at 378. A genuine issue of material fact may be found where there are two plausible, but contradictory, accounts of the essential facts. *Id.* at 382.

Whether Muehlheausler was appointed to a higher-paying position by a proper appointing authority is an essential fact in his claim. In *Banta v. City of St. Louis* and *Curry v. City of St. Louis,* this Court held that city employees seeking compensation for being in a position must have been appointed to that position by the proper appointing authority. *Banta,* 662 S.W.2d 899 (Mo.App. E.D.1983); *Curry,* 183 S.W.2d 155 (Mo.App.1944). This was despite evidence that other city employees or documents had identified the employees as holding the positions or assigned them to the duties of the positions. *Banta,* 662 S.W.2d at 901–02; *Curry,* 183 S.W.2d at 156–57. Therefore, to be granted summary judgment, the City must have shown that no genuine issue existed as to whether Muehlheausler's appointing authority temporarily promoted him to a different position.

The City has not provided evidence from the appropriate appointing authority stating whether Muehlheausler had been appointed to the higher-paying position, only an affidavit from the administrator of the office that is supposed to retain such records. The City's HR administrator stated in her affidavit that she was to receive documentation if any employee was appointed to a position, and the only paperwork she had on record for Muehlheausler showed that he was a Painter. Only the administrator's statement showed that the sole way to temporarily promote an employee is by the appointing authority filling out a form and filing it with her office; no ordinance in the record with this Court directs this procedure.[2] Moreover, the administrator's statements are contradicted by other evidence in the record. In Muehlheausler's affidavit, he stated that he had been temporarily promoted. He also claimed that his appointing authority had acknowledged that he was acting as

---

**2.** Our review of ordinances is limited to those properly contained in the record on appeal. *See The Board of Education of the City of St.* *Louis v. Daly,* 129 S.W.3d 405, 408 (Mo.App. E.D.2004).

the Painter (Lead). He attached the newspaper article, produced by the City, referring to him as Acting Lead Painter. Finally, in his performance reviews, his supervisors frequently identified him by several names indicating that he was the Lead Painter, Painter (Lead) or acting in those positions. Viewing the evidence in a light most favorable to Muehlheausler, there exists a genuine issue as to whether he was temporarily promoted by the appointing authority. This is a material fact to Muehlheausler's claim. *See Banta*, 662 S.W.2d at 902–03; *Curry*, 183 S.W.2d at 159. Thus, summary judgment was inappropriate, and we reverse the trial court's judgment. Although this issue is dispositive, the statute of limitations issue raised in the summary judgment motion may recur on remand, and we will address it here to guide the trial court.

**B. Relation–Back**

The City also argued in its motion for summary judgment that Muehlheausler is limited to a claim for unpaid compensation for only the five years preceding the filing of the amended petition because the contents of the amended petition did not sufficiently relate back to those of the original petition.

The statute of limitation for "[a]ll actions upon ... obligations" is five years. Section 516.120 RSMo 2000.[3] Rule 55.33(c) provides that when an amended petition "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The relation-back doctrine is generally given broad and liberal construction. *Johnson v. GMAC Mortgage Corp.*, 162 S.W.3d 110, 117 (Mo.App. W.D.2005). The City asserts that the claims did not arise out of the same transaction or occurrence. It states that being assigned and performing the duties of Lead Painter, as alleged in the original petition, is not the same conduct, transaction or occurrence as being appointed to the position of Acting Lead Painter and performing the duties of Lead Painter, and that the allegations are "clearly" different. We disagree—the claims relate back because the City knew the nature and circumstances of the claim; only the semantics of the job title changed, and even that change was minimal. Both petitions sought compensation for the work Muehlheausler allegedly performed as a Lead Painter or Painter (Lead). The claims in the original and amended petition therefore arose out of precisely the same conduct or occurrence. Thus, the statute of limitations is to be measured by the filing of the original petition, not the amended petition.[4]

**III. CONCLUSION**

The judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

LAWRENCE E. MOONEY and KENNETH M. ROMINES, JJ., concur.

---

**3.** All statutory references are to RSMo 2000. All rules references are to Supreme Court Rules (2006).

**4.** Muehlheausler also requested leave to amend his petition by interlineations in his response to the City's motion for summary judgment. We defer to the trial court's discretion to rule on this request on remand.